IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES WOODEN
    Reg. No. 08765-017

    Petitioner,
v.                                                  Case No. 4:23-cv-74/MW/MAL

BUREAU OF PRISONS

    Respondent.
_____/

## REPORT AND RECOMMENDATION

In March of 2021, Petitioner James Wooden was sentenced to a term of 84 months' imprisonment after he pleaded guilty to controlled substance and firearm offenses in this district. *See* Case 4:19cr20/MW/MAF. He did not appeal. Petitioner, is now in custody at the Federal Correctional Institution in Danbury, Connecticut. He sent a letter to his sentencing judge (the district judge in this case) complaining that the Bureau of Prisons has incorrectly computed his sentence and asking the court's assistance in correcting the error. Doc. 1. He also claims to have exhausted his administrative remedies.

Local Rule 7.1(A) provides that a "request for action of any kind relating to a case can never be made by a letter to a judge." Because Petitioner's letter indicated an intent to challenge the execution of his sentence, to preserve Petitioner's rights,

the clerk docketed his letter as a petition under 28 U.S.C. § 2241. Petitioner subsequently filed another letter to the Court, which the clerk docketed as a memorandum in support of his "habeas petition." Doc. 3.

Ordinarily, a Petitioner who files only a letter motion with the Court will be required to file an amended motion or petition on the proper Court form. *See* Local Rule 5.7(A). For habeas actions, a Petitioner is also required to either remit the $5.00 filing fee or submit a properly completed request to proceed *in forma pauperis*. In this instance, however, requiring either amendment or payment of the filing fee would be futile. This Court is not the proper forum to hear Petitioner's claim.

Except in limited circumstances not applicable here, jurisdiction over a § 2241 petitions lies only in the district of a petitioner's confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442-444 (2004); *Padgett v. Warden, USP Atlanta*, 745 F. App'x 859, 862 (11th Cir. 2018) (petitions under § 2241 must be filed in the "district wherein the restraint complained of is had.") (citing 28 § U.S.C. § 2241(a)). The *Rumsfeld* Court specifically stated that a petitioner seeking to challenge his present physical custody "should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld*, 542 U.S. at 447. Therefore, Petitioner's letter, construed as a § 2241 petition, should be dismissed without prejudice so he may pursue relief in the proper forum.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 be **DISMISSED** (Doc. 1) without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on February 22, 2023.

s/ <u>*Midori A. Lowry*</u>
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.